UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| THOMAS DEAN VASS | ) | Case No. 08-16626-SSM |
| TAMERA LOUISE VASS | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO RECONSIDER ORDER DISMISSING CASE**

Before the court is the debtors' motion to reconsider the order of November 25, 2008, dismissing this case for failure of the debtors to file required lists, schedules, and statements. The motion was noticed for a hearing on February 3, 2009. On the morning of the hearing, the debtors submitted a faxed request for a continuance because of the debtor husband's hospitalization. Although the court would normally grant such a continuance, doing so would be futile in this case because the court—as a result of changes made to the Bankruptcy Codein 2005—would be unable to vacate the dismissal regardless of whether the hearing was held on February 3rd or a later date.

Thomas Dean Vass and Tamera Louise Vass ("the debtors") filed a voluntary petition in this court on October 27, 2008. The petition was not accompanied by schedules of assets and liabilities, schedules of monthly income and expenses, schedules of co-debtors and executory contracts, a statement of financial affairs, or a statement of current monthly income and means test calculation. § 521(a)(1) and (2), Bankruptcy Code. Those schedules and statements were therefore due, at the latest, 15 days after the filing of the petition (except for the statement of

intention, which was due 30 days after the filing of the petition). Fed.R.Bankr.P. 1007(c). Under the local rules of this court, the clerk is directed to dismiss a case if required schedules and statements are not timely filed. Loc.Bankr.R. 1007-1(A). When the schedules and statements were not filed, the clerk entered an order on November 25, 2008, dismissing the case. On December 10, 2008, the debtors filed the motion to reconsider that is presently before the court. It does not specifically state why the required statements and schedules were not filed but describes a number of personal hardships—including family medical problems and having to move in with the debtor husband's sister after the debtor husband was laid off from work—that the court will assume distracted the debtors from completing and filing the schedules.

Because the motion for reconsideration was filed more than 10 days after entry of the order of dismissal, it is untimely as a motion under Rule 9023, Federal Rules of Bankruptcy Procedure, to alter or amend a final judgment or order. The court may, however, consider it as a motion under Rule 9024 for relief from a final judgment or order. Rule 9024 incorporates, with certain exceptions not relevant here, Rule 60 of the Federal Rules of Civil Procedure, and allows a court to grant relief from a final judgment or order for, among other reasons, mistake, inadvertence, and excusable neglect. The problem here is that even if the court were to vacate the order of dismissal, the court would then be required to immediately dismiss the case under § 521(i), Bankruptcy Code. This provision, which was added by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109-8, 119 Stat. 23 ("BAPCPA"), provides that if a debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required by § 521(a)(1) of the Bankruptcy Code within 45 days after the filing of the petition, the case must be "automatically dismissed." The 45-day period may be extended by the

court only (a) if the motion for the extension is itself made within the 45-day period and (b) for no more than an additional 45 days.  § 521(i)(2), Bankruptcy Code.[1]  The debtors' motion for reconsideration was filed on the 44th day after the filing of the petition and could (because the debtors are not represented by counsel) be broadly construed as including a request to extend the time.  *See Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir 1978) (explaining that courts must liberally construe the pleadings of pro se parties and noting, "In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived.").  However, the maximum extension the court could have granted was to January 26, 2009.[2]  That date—which represents the outside date the court could have granted for filing the schedules and statements—has now passed.  Accordingly, the court, although sympathetic to the debtors' situation, has no discretion to allow the case to continue.  For that reason, it is

**ORDERED:**

1.  The motion for reconsideration is denied.

2.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____        _____
                                   Stephen S. Mitchell
Alexandria, Virginia               United States Bankruptcy Judge

---

[1] The court has discretion to decline to dismiss the case if the *trustee* makes a motion, before the 45 days has expired, not to dismiss the case and the court finds that "the debtor attempted in good faith to file all the information required" and that "the best interests of creditors would be served by administration of the case."  § 521(i)(4), Bankruptcy Code.  No motion, however, has been made by the trustee not to dismiss this case.

[2] The literal 90th day after the filing of the petition would have been January 25, 2009, but since that date was a Sunday, the time was extended to the following day.  Fed.R.Bankr.P. 9006(a).

Copies to:

Thomas Dean Vass
Tamera Louise Vass
7497 Games End Lane
Nokesville, VA 20181
Debtors *pro se*

Gordon P. Peyton, Esquire
Redmon, Peyton & Braswell
510 King Street, Suite 301
Alexandria, VA  22314
Chapter 7 trustee